IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-402-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CHRISTOPHER RAY PARRISH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motion for extension of time to file motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (DE 48).

On April 12, 2018, defendant pleaded guilty to one count of possession with intent to distribute a quantity of marijuana and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On October 25, 2018, the court sentenced defendant to 74 months' imprisonment and three years' supervised release. Defendant did not appeal his conviction or sentence.

On June 15, 2020, defendant filed the instant motion for extension of time file motion to vacate his § 922(g) conviction pursuant to 28 U.S.C. § 2255. Defendant seeks to challenge his conviction for possession of a firearm by a convicted felon on the basis of Rehaif v. United States, 139 S. Ct. 2191 (2019).

Where the instant motion attacks the validity or correctness of defendant's judgment of conviction and sentence, the court hereby provides defendant with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize the instant motion as an attempt to file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Pursuant to Castro, the court warns defendant that this recharacterization means that any subsequent § 2255

motion will be subject to the restrictions on "second or successive motions." 540 U.S. at 383. In addition, the court provides defendant with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. Id. The court also notifies defendant of the § 2255 one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255(f).

The court hereby permits defendant to file a response to the court's proposed recharacterization within **21 days** from the date of this order. The court advises defendant that if, within the time set by the court, he agrees to have the motion recharacterized or does not respond in opposition to the recharacterization, the court shall consider the motion as one under § 2255 and shall consider it filed as of the date the original motion was filed. If, however, defendant responds within the time set by the court but does not agree to have the motion recharacterized, the court will not treat it as a § 2255 motion and will dispose of the motion in accordance with the applicable procedural and jurisdictional rules of law governing criminal case matters. The clerk is DIRECTED to send defendant the court's form § 2255 motion, and defendant may express his consent to recharacterization by returning the completed form to the court. The clerk will then docket the § 2255 motion as filed on the date defendant filed the instant motion for extension of time.

SO ORDERED, this the 2nd day of July, 2020.

LOUISE W. FLANAGAN
United States District Judge